FILED

UNITED STATES DISTRICT COURT
2018 JAN -8 PM 1:42
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN SANTANA,   CASE NO.: 6:18-cv-36-ORL-18KRS

    Plaintiff,

v.

DOLLAR TREE STORES, INC., a Foreign
Profit Corporation, d/b/a DOLLAR TREE,

    Defendant
_____/

## DEFENDANT'S NOTICE OF REMOVAL

TO:    **THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

    Defendant, DOLLAR TREE STORES, INC., by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and Local Rule 4.02, hereby removes this action, which is styled <u>John Santana v. Dollar Tree Stores, Inc., a Foreign Profit Corporation, d/b/a Dollar Tree</u>, and designated Case No.: 2017-CA-010400, from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, in which the action is now pending, to the United States District Court for the Middle District of Florida, Orlando Division. In support of this removal, and pursuant to 28 U.S.C. § 1446, Defendant states:

1.    This case is properly removable due to diversity of citizenship between Plaintiff, JOHN SANTANA, and Defendant, DOLLAR TREE STORES, INC.

2. Venue is properly in the Orlando Division of the Middle District of Florida, pursuant to M.D.L.R. 1.02(b)(3). This case was filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, on November 28, 2017. Therefore, the Orlando Division is the proper Court for removal of this case.

3. This Notice of Removal is being timely filed within thirty (30) days from December 7, 2017, the date upon which the Summons was served upon Defendant's Florida Registered Agent. A copy of the Summons and Complaint are attached collectively hereto as **Exhibit "A."** Defendant has filed no responsive pleadings in the State Court action.

4. Defendant filed with the Clerk of the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, a Notice to State Court Clerk of Removal of Case to Federal Court pursuant to 28 U.S.C. § 1446(d). A copy of the Notice to State Court Clerk of Removal of Case to Federal Court is attached hereto as **Exhibit "B."**

5. The District Courts of the United States have original jurisdiction of this civil action as provided in 28 U.S.C. § 1332. Under that section, this Court has jurisdiction based upon complete diversity as follows:

   a. Plaintiff, JOHN SANTANA ("Plaintiff"), has citizenship in the State of Florida. (See Compl., ¶ 1.)

   b. Defendant, DOLLAR TREE STORES, INC. ("Defendant") is a citizen of the State of Virginia. Defendant is a foreign corporation, organized under the laws of the State of Virginia with its principal place of

business located at Virginia. Although a company may conduct business in multiple places, the Supreme Court has recently determined that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 91–94 (2010) (establishing the "nerve center" test as uniform approach for determining corporate citizenship). A copy of Defendant's corporate filing with the State of Florida, showing the principal place of business, is attached hereto as **Exhibit "C."**

    c. The amount in controversy exceeds the minimum sum of $75,000, exclusive of interest and costs.

6. Since Plaintiff made an unspecified demand for damages in her state court pleading, (see Compl. ¶ 1), Defendant must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the threshold requirement of 28 U.S.C. § 1332. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

7. In the instant case, Plaintiff alleges that Plaintiff "slipped on a liquid substance located on the floor and, as a consequence, . . . sustained severe bodily injury." (Compl. ¶ 6.) Plaintiff claims that Plaintiff "suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of previous existing conditions." (Compl. ¶ 11.) Plaintiff further alleges that his injuries are "permanent or continuing" and Plaintiff alleges he "will suffer these losses in the future." (Compl. ¶ 11.)

8. Plaintiff sent a pre-suit demand letter, dated June 14, 2017, which is attached hereto as **Exhibit "D."** In this pre-suit demand letter, Plaintiff provided an assessment of the case and presented a demand of **$300,000.00**, arising out of past medical damages in the amount of $18,580.32 and future medical damages for Plaintiff's treatment related to the following identified injuries:

- Partial tear of distal supraspinatus and subscapularis tendon,
- Tear of anterior inferior glenoid labrum,
- ACL and MCL strain,
- Herniation L5-S1, and
- Bulge L3-4 and L4-5.

(See Exhibit D.) In light of Plaintiff's representation that Plaintiff's alleged injuries are permanent and continuing, it is expected that Plaintiff's past medical damages have increased. Additionally, Plaintiff has also identified currently unspecified claims for future medical damages, lost wages, and future loss of earning capacity. See Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (holding that a pre-suit demand letter may be used to "supplement" other evidence of the amount in controversy); see also Mick v. De Vilbiss Air Power Co., 6:10-cv-1390-Orl-28GJK, 2010 U.S. Dist. LEXIS 136246, 2010 WL 5140849, *1-2 (M.D. Fla. Dec. 14, 2010) (finding the defendant carried its burden of proof to

establish the amount in controversy, even though the identified medical damages were $11,0000 based upon Plaintiff's $175,000 pre-suit demand, an amount above the jurisdictional threshold).

9. Also, Plaintiff has failed to stipulate that Plaintiff is not seeking damages in excess of $75,000. (See corresp. from Kimberly E. Young, Esq. to Jason Grundorf, Esq. and Jason Herman, Esq., January 4, 2018, attached hereto as **Exhibit "E."**) This Court may properly consider Plaintiff's refusal as further evidence that the amount in controversy exceeds $75,000. Devore, 658 F. Supp. 2d at 1380; Diaz v. Big Lots Stores, Inc., 5:10-cv-319-Oc-32JBT, 2010 U.S. Dist. Lexis 143285, 2010 WL 6793850, *7 (M.D. Fla. Nov. 5, 2010).

10. Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint within seven days of the filing of this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendant prays that Civil Action No. 2017-CA-010400 now pending in Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida be removed to this Federal Court.

Respectfully submitted, this 8th day of January, 2018.

By: /s/ Kimberly Young
MELISSA D. CROWLEY
Florida Bar No.: 90984
KIMBERLY E. YOUNG
Florida Bar No.: 109590

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5᷉ day of January, 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant*
        Tower Place, Suite 400
        1900 Summit Tower Boulevard
        Orlando, Florida 32810
        Telephone (321) 972-0029
        Facsimile (321) 972-0099
        Primary e-mail:
        melissa.crowley@csklegal.com
        Secondary e-mail:
        kimberly.young@csklegal.com

By: */s/ Kimberly Young*
        MELISSA D. CROWLEY
        Florida Bar No.: 90984
        KIMBERLY E. YOUNG
        Florida Bar No.: 109590

7006.0025-00/8842514