Filing # 64653963 E-Filed 11/28/2017 11:56:25 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

JOHN SANTANA,                      CASE NO:

    Plaintiff,

vs.

DOLLAR TREE STORES, INC., a Foreign Profit
Corporation, d/b/a DOLLAR TREE,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JOHN SANTANA, by and through her undersigned attorney, sues the Defendant, DOLLAR TREE STORES, INC., a Foreign Profit Corporation, d/b/a DOLLAR TREE (hereinafter "DOLLAR TREE"), and states as follows:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material to this action, Plaintiff, JOHN SANTANA, was a natural person residing in Orlando, Orange County, Florida.

3. At all times material to this action, Defendant, DOLLAR TREE, was a Foreign Profit Corporation, licensed to do business and doing business in the State of Florida, as a retail store which is open to the public.

4. At all times material hereto, Defendant, DOLLAR TREE, was registered with the Florida Department of State, Division of Corporations, and maintained the following Registered Agent with the Department: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

5. At all times material to this action, Defendant, DOLLAR TREE, was the owner and in possession of the retail store located at 4568 S. Semoran Blvd., Orlando, Orange County, Florida.

6. On or about February 11, 2017, while Plaintiff, JOHN SANTANA, was lawfully on the premises located at the above address as a business invitee, Plaintiff was walking down an aisle inside the store, when he slipped on a liquid substance located on the floor, and, as a consequence, Plaintiff, JOHN SANTANA, fell and sustained severe bodily injury.

7. At all times material hereto, Defendant, DOLLAR TREE, had a duty to invitees, including Plaintiff, JOHN SANTANA, to maintain its premises, including the floors, in a reasonably safe condition for use by its invitees, and to warn its invitees, including Plaintiff, of any known hazards or hazardous conditions, about which Defendant knew or reasonably should have known of through the exercise of reasonable care.

8. At the above time and place, Defendant breached its duties owed to Plaintiff, JOHN SANTANA, by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the floors in a reasonably safe condition, thus creating an unreasonably dangerous condition to members of the public, including Plaintiff;

b) Negligently failing to inspect or adequately inspect the floor to ascertain whether the floor constituted a hazard to members of the public, thus creating an unreasonably dangerous condition to members of the public, including Plaintiff;

c) Negligently failing to warn or adequately warn Plaintiff of the danger of the liquid substance on the floor, when Defendant knew or through the exercise of reasonable care should have known that the liquid substance on the floor was unreasonably dangerous, and that Plaintiff was unaware of this unreasonably dangerous condition; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the floor on Defendant's premises, when this condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

10. As a result of Defendant's breach and/or multiple breaches, while Plaintiff, JOHN SANTANA, was lawfully on Defendant's premises, he slipped on the liquid substance, and as a consequence, fell on the floor sustaining severe injuries.

11. As a direct and proximate result of the negligence of Defendant, DOLLAR TREE, Plaintiff, JOHN SANTANA, suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scaring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of previous existing conditions. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, JOHN SANTANA, sues Defendant, DOLLAR TREE, for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury by all issues so triable.

RESPECTFULLY submitted this 28th day of November, 2017.

/s/ Jason P. Herman
Jason P. Herman, Esquire
Florida Bar No.: 149357
Jason Grundorf, Esquire
Florida Bar No.: 593176
Dan Newlin & Partners
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (407)203-6580
Attorneys for Plaintiff
Jason.Herman@newlinlaw.com
Jason.Grundorf@newlinlaw.com
Marlene.Zervos@newlinlaw.com
Evelyn.Manzueta@newlinlaw.com